UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

In the Matter of:                            :        Chapter 11
                                             :
THE TOTAL WOMAN                              :
HEALTHCARE CENTER, P.C.,                     :
D/B/A JOYCE A. RAWLS, M.D., P.C,             :
                                             :
            Debtor                           :        Case No. 06-52000 RFH
                                             :

BEFORE

ROBERT F. HERSHNER, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

COUNSEL:

For Movant:                    Ms. Elizabeth A. Hardy
                               Assistant United States Trustee
                               440 Martin Luther King Jr. Blvd.
                               Suite 302
                               Macon, Georgia 31201

For Respondent:                Mr. Neal Weinberg
                               P.O. Drawer 7716
                               Macon, Georgia 31209-7716

**MEMORANDUM OPINION**

The United States Trustee, Movant, filed on November 9, 2006, a Motion Of The United States Trustee For Determination As To Whether Debtor Is A Health Care Business And, If So, For Appointment Of An Ombudsman. The Total Woman Healthcare Center, P.C., d/b/a Joyce A. Rawls, M.D., P.C., Respondent, filed a response on November 30, 2006. Respondent filed a supplemental response on December 4, 2006. Movant's motion came on for a hearing on December 5, 2006. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

Respondent filed on October 17, 2006, a petition under Chapter 11 of the Bankruptcy Code. Respondent filed on October 31, 2006, its statement of financial affairs and bankruptcy schedules. The "meeting of creditors" was held on November 21, 2006.[1]

Movant, in her motion, contends that Respondent is a "health care business" and asks that the Court order the appointment of a "patient care ombudsman." Respondent opposes Movant's request.

Section 101(27A) of the Bankruptcy Code provides:

> (27A) The term "health care business"—
>
> (A) means any public or private entity (without regard to

---

[1] 11 U.S.C.A. § 341 (a) (West 2004).

2

>whether that entity is organized for profit or not for profit) that is primarily engaged in offering to the general public facilities and services for—
>
>>(i) the diagnosis or treatment of injury, deformity, or disease; and
>>
>>(ii) surgical, drug treatment, psychiatric, or obstetric care; and
>
>(B) includes—
>
>>(i) any—
>>>(I) general or specialized hospital;
>>>(II) ancillary ambulatory, emergency, or surgical treatment facility;
>>>(III) hospice;
>>>(IV) home health agency; and
>>>(V) other health care institution that is similar to an entity referred to in subclause (I), (II), (III), or (IV); and
>>
>>(ii) any long-term care facility; including any—
>>>(I) skilled nursing facility;
>>>(II) intermediate care facility;
>>>(III) assisted living facility;
>>>(IV) home for the aged;
>>>(V) domiciliary care facility; and
>>>(VI) health care institution that is related to a facility referred to in subclause (I), (II), (III), (IV), or (V), if that institution is primarily engaged in offering room, board, laundry, or personal assistance with activities of daily living and incidentals to activities of daily living.

11 U.S.C.A. § 110(27A) (West Supp. 2006).

3

Section 333 of the Bankruptcy Code provides in part:

**§ 333. Appointment of patient care ombudsman**

(a)(1) If the debtor in a case under chapter 7, 9, or 11 is a health care business, the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the heath care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case.

(2)(A) If the court orders the appointment of an ombudsman under paragraph (1), the United States trustee shall appoint 1 disinterested person (other than the United States trustee) to serve as such ombudsman.

. . .

(b) An ombudsman appointed under subsection (a) shall—

(1) monitor the quality of patient care provided to patients of the debtor, to the extent necessary under the circumstances, including interviewing patients and physicians;

(2) not later than 60 days after the date of appointment, and not less frequently than at 60-day intervals thereafter, report to the court after notice to the parties in interest, at a hearing or in writing, regarding the quality of patient care provided to patients of the debtor; and

(3) if such ombudsman determines that the quality of patient care provided to patients of the debtor is declining significantly or is otherwise being materially compromised, file with the court a motion or a written report, with notice to the parties in interest immediately upon making such determination.

11 U.S.C.A. §333 (a)(1), (2)(A), (b) (West Supp. 2006).

Section 333(a)(1) provides that the appointment of an ombudsman is mandatory <u>unless</u> the court finds that the appointment is not necessary for the protection of patients under the specific facts of the case.

The evidence presented at the hearing shows that Dr. Joyce A. Rawls is the CEO of Respondent. Dr. Rawls is the only physician employed by Respondent. Dr. Rawls is board certified in obstetrics and gynecology.

Dr. Rawls sees patients and performs physical exams, ultra sounds, and biopsies at Respondent's office. Other services provided by Dr. Rawls such as surgery, delivery, and outpatient surgery, are performed at two area hospitals. The hospitals provide nursing services, food, rooms, supplies, and other items and medical services while the patients are in the hospital.

Respondent has the equipment necessary for Dr. Rawls to treat patients at Respondent's office. Respondent's financial distress has not affected patient care. Respondent has the same staff as before the bankruptcy filing. Dr. Rawls has not received any complaints from patients since Respondent filed for bankruptcy relief. Respondent's bankruptcy has not affected Dr. Rawl's scheduling of appointments for patients.

If a patient decides to see another physician, the patient is provided with a copy of her medical records. If a patient has a complaint with Dr. Rawls medical services, the patient can file a complaint with the state medical board. Dr. Rawls understands

that the law would require that Respondent maintain medical records for several years if Respondent went out of business.

The Court has reviewed Respondent's statement of financial affairs and bankruptcy schedules. Most of Respondent's obligations appear to be for taxes. The obligations do not appear to arise from deficient patient care.

The Court, from the evidence presented, is not persuaded that the appointment of an ombudsman is necessary for the protection of patients. Patient care has not been adversely affected by Respondent's bankruptcy filing. Respondent's obligations do not appear to arise from deficient patient care. Dr. Rawls understands her obligation to maintain patient records and to provide copies of the records to patients who decide to see another physician.

The Court, having determined that the appointment of an ombudsman is not necessary under the specific facts of this case, need not decide whether Respondent is a "health care business."

An order in accordance with this memorandum opinion will be entered this date.

DATED this 14th day of December, 2006.

    /s/   Robert F. Hershner, Jr.
ROBERT F. HERSHNER, JR.
Chief Judge
United States Bankruptcy Court

7